STATE OF VERMONT
ENVIRONMENTAL COURT

SECRETARY, VERMONT AGENCY }
OF NATURAL RESOURCES, }
    Plaintiff, }
  }
    v. }          Docket No. 141-10-12 Vtec
  }          (Berlin site)
FRED BUDZYN, d/b/a BUDZYN }
REMOVAL & RECYCLING, }
    Respondents. }
  }

## JUDGMENT ORDER

This matter came on for a hearing on the merits on September 10, 2013, before the undersigned judge. The Secretary of the Vermont Agency of Natural Resources ("ANR") was represented by her attorneys, Kathryn E. Taylor, Esq. and John Zaikowski, Esq. Respondents Fred Budzyn, d/b/a Budzyn Removal & Recycling, ("Respondents"), joined by Mrs. Budzyn, appeared at trial and were assisted by their attorney, Gregory W. McNaughton, Esq.

The Court afforded the parties a full opportunity to present all relevant evidence, including witness testimony, as well as an opportunity to fully cross-examine the other witnesses. Once all parties completed their presentations, the Court took a brief recess to complete its deliberations and legal research.

Once the Court completed its deliberations, the undersigned returned to the bench, reopened the hearing, and announced that he had concluded that Findings of Fact and Conclusions of Law could be announced on the record of the reconvened hearing. The Court then announced its Findings of Fact and Conclusions of Law on the record of the hearing. Any individual wishing to review the Court's Findings and Conclusions in detail is referred to the merits hearing record.

The Court specifically concluded that the tires stored on Respondents' Berlin property constituted "solid waste," as that term is defined in 10 V.S.A. § 6602(2) and the Vermont Solid Waste Management Rules. The Court reached this conclusion based upon several factual findings, including that the original owners of the tires "discarded" the tires and Respondents received a fee from the business entities for taking the discarded tires in order that the tires may

be recycled, reused, or otherwise safely and legally disposed. Respondents grouped and stored the discarded tires with some tires that Respondents may have purchased, since the tires Respondents actually purchased (sometimes for as little as one to five dollars per tire) may have had some useable tread remaining. Nonetheless, substantially all tires received by Respondents and stored on the Berlin property, unprotected from the elements and left in large piles, had been discarded by their prior owners and should therefore be regarded as solid waste. The fact that Respondents were able to subsequently sell some of the discarded tires (some of which had been stored on the Berlin property for three years or more) does not negate our conclusion that a substantial majority of the tires Respondents received and stored on the Berlin property constitute solid waste.

The Court then reviewed all criteria listed in 10 V.S.A. §§ 8010(b)(1) through (b)(8) and (c)(2) that must be considered by ANR in the first instance, and this Court in the second instance (when a hearing is requested), for the purposes of establishing whether an administrative penalty should be imposed. Specifically, the Court considered the mitigating factor of ANR's delay in seeking enforcement under subsection (b)(2) and whether a deterrence penalty should be imposed under subsection (b)(6). The Court concluded that a penalty should be imposed, including a deterrence penalty of $10,000.00. It imposed a total penalty in favor of ANR and against Respondent, both individually and in his business name, in the amount of **$17,301.00**.[1]

Pursuant to the authority vested in this Court by 10 V.S.A. § 8012(b), we hereby modify paragraph A of ANR's August 21, 2012 Administrative Order issued against Respondent in both his individual and business name and impose a revised total penalty of **$17,301.00**, which penalty must be paid no later than thirty (30) consecutive calendar days following the date of this Judgment Order. Payment shall be to the State of Vermont, to be deposited in the general fund pursuant to 10 V.S.A. § 8010(e), and shall be forwarded to the address specified in paragraph A of the Administrative Order.

Pursuant to the authority vested in this Court by 10 V.S.A. § 8012(b), we hereby **AFFIRM** the Secretary's August 21, 2012 Administrative Order against Respondents in all other respects.

---

[1] As noted on the record, the Court imposed a portion of the penalty totaling $3,301.00 as reimbursement of the expenses that ANR incurred in its enforcement against Respondents. See 10 V.S.A. § 8010(b)(7).

**Rights of Appeal** (**10 V.S.A. §§ 8012(c)(4) and (5)**):

WARNING: This Decision will become final if no appeal is filed within ten (10) days of the date this Decision is received. All parties to this proceeding have a right to appeal this Decision. The procedures for filing an appeal are found in the Vermont Rules of Appellate Procedure (V.R.A.P.), subject to superseding provisions in Vermont Rules for Environmental Court Proceedings (V.R.E.C.P.) 4(d)(6). Within ten (10) days of receipt of this Order, any party seeking to file an appeal must file the notice of appeal with the Clerk of the Environmental Court, together with the applicable filing fee. Questions may be addressed to the Clerk of the Vermont Supreme Court, 111 State Street, Montpelier, VT 05609-0801, (802) 828-3276. An appeal to the Supreme Court operates as a stay of payment of a penalty, but it does not stay any other aspect of this Judgment Order or the Administrative Order affirmed and revised by this Court. 10 V.S.A. § 8013(d). A party may petition the Supreme Court for any additional stay under the provisions of V.R.C.P. 62 and V.R.A.P. 8.

Done at Newfane, Vermont this 12th day of September, 2013.

_____
Thomas S. Durkin, Environmental Judge

3